IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

DONALD R. OLDHAM, Petitioner,

vs.

K. GOLDEY, Warden, Respondent.

No. CIV-22-460-C

ORDER ADOPTING REPORT AND RECOMMENDATION

Petitioner filed the present action pursuant to 28 U.S.C. § 2241. Consistent with the provisions of 28 U.S.C. § 636(b)(1)(B), this matter was referred to United States Magistrate Judge Gary M. Purcell. Judge Purcell entered a Report and Recommendation ("R&R") on September 23, 2022, recommending denial of the Petition. Petitioner has objected to the R&R.

Petitioner filed his action alleging his sentence has been improperly calculated by the Federal Bureau of Prisons ("BOP"). At issue is the interplay between two convictions and their sentences. On August 29, 2018, Petitioner pleaded guilty to a federal firearms charge arising in the Northern District of Oklahoma. Petitioner was sentenced to 21 months. On May 2, 2019, Petitioner pleaded guilty to drug-related crimes in the Western District of Missouri. On November 25, 2019, Petitioner was sentenced in the Missouri case to 120 months. At issue in the current case is a statement made at sentencing by the Missouri judge that the sentence imposed in that case should run concurrently with the sentence in the Northern District case.

Respondent stated to Judge Purcell that Petitioner had received all the credit he was due. According to Respondent, Petitioner completed his sentence in the Northern District case on November 12, 2019. Then the period from November 13-24, 2019, was credited to the Missouri sentence. Petitioner argues that he should be given credit for the period of May 17, 2018, to November 12, 2019, on the Missouri case. Respondent asserts granting that credit would violate 18 U.S.C. § 3585(b)(1) as it would apply credit for time served to two different sentences.

As Judge Purcell determined, Petitioner's argument fails. First, Petitioner's argument that he receive credit for the time from May 17, 2018, to November 12, 2019, on his sentence in the Missouri case cannot occur, as that would require his Missouri sentence to begin running prior to the time it was imposed. See United States v. Labeille-Soto, 163 F.3d 93, 98 (2d Cir. 1998) (federal sentence cannot commence before the date on which it was imposed). Petitioner relies on the Missouri judge's statement that he intended his sentence to run concurrently with the sentence from the Northern District of Oklahoma. However, that statement could have no effect because the Oklahoma sentence was completed (November 12, 2019) prior to imposition of the Missouri sentence (November 25, 2019). Making the two sentences concurrent is impermissible under the clear language of 18 U.S.C. § 3584(a) ("Imposition of concurrent or consecutive terms.--If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an **undischarged**

term of imprisonment . . . .") (emphasis added). Because Petitioner had discharged his Oklahoma sentence before he was sentenced in Missouri, the sentences could not be concurrent. Accordingly, Petitioner is not entitled to any additional credit and his § 2241 Petition will be dismissed with prejudice.

After *de novo* review, the Court finds no error in Judge Purcell's determination that Petitioner's § 2241 Petition should be denied. Accordingly, the Court adopts, in its entirety, the Report and Recommendation of the Magistrate Judge (Dkt. No. 18). For the reasons set forth in the R&R and this Order, the Petition (Dkt. No. 1) is DISMISSED with prejudice. A separate judgment will issue.

IT IS SO ORDERED this 25th day of October 2022.

ROBIN J. CAUTHRON
United States District Judge